STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

Executive Committee of the
Republican Party of Ohio County, West Virginia,
Elgine McArdle, Robert Luchetti, Gregory William Smith,
George Craig Meyer, Carlee J. Dittmar, Deborah Marie Smith,
and Faith Elizabeth Meyer,
Petitioners,

v) No. 22-723 (Ohio County CC-35-2022-C-96)

Adolph Santorine, Jr.,
Respondent.

**FILED**

**May 30, 2024**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

MEMORANDUM DECISION

Petitioners collectively, and as individual members of the then-constituted Executive Committee of the Republican Party of Ohio County, appeal the entry of a mandamus order by the Circuit Court of Ohio County requiring them to seat Respondent Adolph Santorine, Jr. on the Executive Committee as the elected representative of District II.[1]  For the reasons discussed below, we find that the underlying controversy is moot, so we dismiss the appeal from the docket of this Court consistent with Rule 27(b) of the West Virginia Rules of Appellate Procedure.

Mr. Santorine was elected in May 2022 to represent District II on the Executive Committee. The Executive Committee refused to seat Mr. Santorine in District II, concluding that, due to redistricting, he was a resident of District I.  Mr. Santorine filed a mandamus action against Petitioners, contending that he was, and had always been, a resident of District II.  Evidence below established that there was a mapmaking error that erroneously placed Mr. Santorine's residence in District I, but that map did not adhere to the procedural requirements for redistricting and so was ineffectual.  The circuit court order granting mandamus relief on August 3, 2022 required Petitioners to seat Mr. Santorine as the District II representative.

Prior to the filing of this appeal, Mr. Santorine had already been seated by Petitioners as the District II representative, but only after the Executive Committee received confirmation from the West Virginia Secretary of State that Mr. Santorine was a resident of District II.  The Executive Committee noted in an email sent to its members that "[a]fter consulting with the WVSOS and

---

[1] Petitioners are represented by counsel Elgine McArdle.  Respondent is represented by counsel Martin P. Sheehan.

1

confirming the current residential addresses as of August 25, 2022 of all those duly elected, the attached roster depicts all members of the OCREC as well as the magisterial districts they represent whether elected or appointed." The roster lists Mr. Santorine as the District II representative, "[e]lected as corrected by Commission and the WVSOS as of 8/25/22." Petitioners' failure to seat Mr. Santorine prior to that date in accordance with the circuit court's August 3, 2022 mandamus order is the subject of a still-pending contempt proceeding below.

Petitioners do not appear to dispute that the matter before this Court is technically moot.[2] They acknowledge that there is no relief that they request of this Court[3] that would not result in an advisory opinion that the Executive Committee had been within its rights to refuse the seat to Mr. Santorine from the time he was elected to the time it seated him after confirmation from the Secretary of State that he resided in District II.

We have discussed that "[t]he general rule, subject to certain exceptions, is that appeals will be dismissed where there is no actual controversy existing between the parties at the time of the hearing."[4] But, "this Court retains the discretion to address issues that are raised in technically moot cases."[5] Determining whether to exercise that discretion, we are guided by Syllabus Point 1 of *Israel by Israel v. West Virginia Secondary Schools Activities Commission*:

> Three factors to be considered in deciding whether to address technically moot issues are as follows: first, the court will determine whether sufficient collateral consequences will result from determination of the questions presented so as to justify relief; second, while technically moot in the immediate context, questions of great public interest may nevertheless be addressed for the future guidance of the bar and of the public; and third, issues which may be repeatedly presented to the trial court, yet escape review at the appellate level because of their fleeting and determinate nature, may appropriately be decided.[6]

Petitioners urge this Court to decide the case on its merits because they face contempt of court for failure to abide by the circuit court's mandamus order as well as assessment of Mr. Santorine's costs and attorney's fees under Syllabus Point 1 of *State ex rel. West Virginia*

---

[2] In response to the motion for contempt, Petitioners contended that the underlying dispute was moot given that it had engaged in discussions with the Secretary of State's Office to verify each member's residency.

[3] Petitioners request only that the mandamus relief be reversed.

[4] Syl. Pt. 1, *W. Va. Bd. of Dental Examiners v. Storch*, 146 W. Va. 662, 122 S.E.2d 295 (1961).

[5] *Gallery v. W. Va. Secondary Sch. Activities Comm'n*, 205 W. Va. 364, 367, 518 S.E.2d 368, 371 (1999).

[6] 182 W. Va. 454, 388 S.E.2d 480 (1989).

*Highlands Conservancy v. West Virginia Division of Environmental Protection*[7] if this Court does not reverse the mandamus order in their favor. They also contend that the Court should exercise its discretion to decide the case on the merits because redistricting is an issue capable of repetition.

We disagree that those arguments present compelling circumstances to decide an otherwise moot issue. The possibility that the circuit court may find Petitioners in contempt or may award Mr. Santorine costs and attorney's fees would fall within *Israel's* first consideration of collateral consequences. Specific to the contempt order, we find that issue to be wholly separate, and not a collateral consequence of the merits of the underlying dispute insofar as compliance with a circuit court's order is not optional, regardless of whether Petitioners disagreed with it.[8] Petitioners could have requested a stay pending appeal of the mandamus order and did not do so until September 14, 2022, more than a month after the entry of the order and several weeks after the motion for contempt had been filed.[9] The consequences emanating from not only the failure to follow, but also the apparent intention to outright disregard, a circuit court's mandamus order without a stay are unaffected by the outcome of this appellate proceeding. Importantly, Petitioners have not yet been found in contempt of court nor has the circuit court awarded Mr. Santorine costs and attorney's fees, and, for that reason, those purported collateral consequences remain hypothetical and do not weigh in favor of a decision on the merits.

Regarding *Israel's* second consideration, to the extent that this issue can be considered a matter of great public interest because it involves an election, we find that the mapmaking mistake

---

[7] 193 W. Va. 650, 458 S.E.2d 88 (1995) ("Costs and attorney's fees may be awarded in mandamus proceedings involving public officials because citizens should not have to resort to lawsuits to force government officials to perform their legally prescribed nondiscretionary duties.").

[8] Rather than seat Mr. Santorine as the elected representative of District II as mandated by the circuit court, Petitioners corresponded with Mr. Santorine two days after the mandamus order was entered stating that the Executive Committee had met and voted to appoint him as representative of District I. Mr. Santorine rejected that "appointment" and pointed out that there was a court order in effect requiring that he be seated in District II without a stay in place pending appeal. Further, Mr. Santorine was not notified or in attendance at that meeting of the Executive Committee, despite the circuit court's order prohibiting the Executive Committee from meeting without providing Mr. Santorine with notice and an opportunity to participate. The correspondence from Petitioners also displays a troubling disregard for the existence and effect of the mandamus order, stating that "[i]f [Mr. Santorine] chooses to reject the appointment then that is entirely his choice, a choice which has consequences. That being said, should he elect to attend and participate in the OCREC meeting . . . the OCREC will interpret his presence as an acceptance of the appointment to [District I]." And, "[t]he statutes and caselaw clearly permit the OCREC to dictate the management of its affairs."

[9] The circuit court granted Petitioners' September 14, 2022 motion for a stay of the contempt proceeding and petition for attorney's fees pending appeal by order dated September 15, 2022, but clarified, by order dated September 19, 2022, that its original orders remained in full force and effect.

affected very few votes, certainly was not outcome-determinative, and so does not support the conclusion that a decision on the merits would aid the bar and the public. The contention that redistricting creates issues capable of repetition would fall within the third consideration articulated in *Israel*. But to warrant consideration of the merits of a moot issue, the issue must both be capable of repetition and evade appellate review because of its determinate and fleeting nature. As noted, the underlying issue was a mapmaking mistake that affected very few people, one of whom happened to be a candidate who was mistakenly labeled as residing in another district. We disagree that such an unlikely twist of events is inherently capable of repetition to compel this Court to consider the merits, nor do we find that such an issue, were it to repeat, would by character evade appellate review.

Because consideration of the three *Israel* factors cautions against a decision on the merits of this otherwise moot issue, we dismiss Petitioners' appeal from the docket of this Court.

Appeal dismissed.

**ISSUED:** May 30, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

4